# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2174

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Don C. Brown, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 7, 2008
Filed: May 8, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Don C. Brown pleaded guilty to three counts of distributing a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1). At sentencing, the district court[1] imposed a 46-month prison sentence to run consecutively to an undischarged prison sentence imposed in another case for violating supervised release. Brown's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in making the sentence consecutive to the supervised-release revocation

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

sentence. In a supplemental brief, Brown adds that his sentence is greater than necessary to satisfy the statutory sentencing goals.

We conclude that the sentence, at the bottom of the advisory Guidelines range, is not unreasonable. See United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007) (sentence within advisory Guidelines range is presumptively reasonable), cert. denied, 128 S. Ct. 1263 (2008); United States v. Winston, 456 F.3d 861, 867 (8th Cir. 2006) (reviewing district court's decision to impose consecutive sentence for reasonableness); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (this court reviews sentence to determine whether district court abused discretion by imposing unreasonable sentence; describing factors used to review sentence for reasonableness); see also U.S.S.G. § 5G1.3(c) & comment. (n.3(C)) (addressing sentencing when defendant commits instant offense while on supervised release for another offense).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____